## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>590 HANSON ROAD,<br>CHINA, MAINE, with all appurtenances and improvements thereon,<br><br>Defendant *In Rem*. | No. 1:24-cv- |

### **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, the United States of America, by and through its attorneys, Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461(a), which provide for the forfeiture of real property[1] used to commit or to facilitate the commission of the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*.

### JURISDICTION AND VENUE

2. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. §§ 1355(a) and (b). Venue is proper in this district: (a) pursuant to 28 U.S.C. §

---

[1] To include "any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements." 21 U.S.C. § 881(a)(7).

1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and (b) pursuant to 28 U.S.C. §§ 1395(b)(1)(B), because the property is located in this district.

## THE DEFENDANT *IN REM*

3.  The defendant *in rem* is real property located at the following Maine address, and is more particularly described in municipal tax records by reference to the map/lot number or parcel ID reflected below and the deed on file at the book/page reflected below at the Kennebec County Registry of Deeds:

| Address | City/Town | Owner of Record | Map/Lot or Parcel ID | Deed Book/Page |
|---|---|---|---|---|
| 590 Hanson Road | China | XIAO LIAO | 49-014 | 14004/198 |

## STATEMENT OF PROBABLE CAUSE

4.  The U.S. Drug Enforcement Administration ("DEA") is investigating the defendant *in rem* real property located at 590 Hanson Road, in China, for being a marijuana-involved premises in violation of 21 U.S.C. § 856(a). The defendant *in rem* real property has been confirmed by the Maine Office of Cannabis Policy as lacking any licensed status under which marijuana could be legally cultivated at or on such premises under Maine state law.

5.  Provided below is a photograph of the defendant *in rem* real property available on a commonly used real estate website,[2] which accurately shows the condition and proportions of the property:

---

[2] *See* https://www.redfin.com/ME/South-China/590-Hanson-Rd-04358/home/99972255. Redfin indicates that the property comprises "four spacious bedrooms, two bathrooms, [a] large great room, open concept kitchen/dining room," along with a "[l]arge living room with vaulted ceiling leading to the deck. . . . [f]ull unfinished basement, two car garage plus detached heated three car garage with rooms on the second floor, framed and ready for finishing." *Id.*



6.  A Purchase and Sales Agreement regarding the defendant *in rem* real property shows that the agreement was DocuSigned by XIAO LIAO on about March 19, 2021, for a contracted sale price of $260,000.

7.  On about March 17, 2021, XIAO LIAO applied to a local bank for a $185,000 mortgage loan to purchase the defendant *in rem* real property, indicating that the property would be her primary residence. On about May 11, 2021, XIAO LIAO executed a promissory note to pay the local bank $185,000. On about May 11, 2021, XIAO LIAO executed a mortgage to the local bank before a Maine notary public.

8.  A warranty deed for the defendant *in rem* real property recorded with the Kennebec County Register of Deeds shows that on about May 11, 2021, the real property was granted to XIAO LIAO. Town of China Tax Records show XIAO LIAO as the present owner of the defendant *in rem* real property.

9.  The DEA issued an administrative subpoena to Central Maine Power ("CMP") seeking electrical usage and billing data for the defendant *in rem* real

property. Electricity usage and billing records provided by CMP show that XIAO LIAO became the holder of two accounts for the property in September 2021, and remained so through January 2022. In February 2022, TAT CHONG LIO became the holder of two accounts for the property, and remained so through at least January 2024.

10. The following combined CMP usage and billing data for the two accounts was shown for the defendant *in rem* real property:

| Month & Year | Power Usage (kWh) | Billed Amount (USD) |
|---|---|---|
| December 2021 | 76 | 21.54 |
| January 2022 | 335 | 65.60 |
| February 2022 | 12,103 | 2,394.79 |
| March 2022 | 20,382 | 4,027.79 |
| April 2022 | 19,603 | 3,876.29 |
| May 2022 | 18,589 | 3,676.14 |
| June 2022 | 21,937 | 4,331.93 |
| July 2022 | 20,987 | 4,112.73 |
| August 2022 | 23,081 | 4,415.41 |
| September 2022 | 25,408 | 4,856.39 |
| October 2022 | 23,841 | 4,559.58 |
| November 2022 | 26,799 | 3,286.08 |
| December 2022 | 24,917 | 3,587.24 |
| January 2023 | 25,287 | 5,465.07 |
| February 2023 | 24,257 | 8,569.02 |
| March 2023 | 23,358 | 7,330.38 |
| April 2023 | 24,957 | 5,421.93 |
| May 2023 | 32,690 | 6,083.44 |
| June 2023 | 53,122 | 10,175.00 |
| July 2023 | 48,495 | 10,942.19 |
| August 2023 | 61,519 | 12,341.50 |
| September 2023 | 42,560 | 9,186.39 |
| October 2023 | 50,339 | 10,174.71 |
| November 2023 | 53,807 | 10,909.28 |
| December 2023 | 56,077 | 12,937.72 |
| January 2024 | 45,650 | 11,179.32 |
| February 2024 | 23,062 | Not available |

11. Large amounts of electrical power are needed in support of indoor marijuana cultivation, due to the use of artificial lighting, heat pumps, distribution

4

fans, air conditioners and humidifiers. The electrical consumption for the defendant *in rem* real property, as detailed above, was consistent with large-scale illegal marijuana cultivation.[3]

12. On March 13, 2024, law enforcement officers employed by the Maine State Police ("MSP") executed a state search warrant at the premises of the defendant *in rem*, with support provided by DEA and other federal investigative agencies.

13. Upon entering the premises on March 13, 2024, federal and state investigators discovered a marijuana growing operation at the defendant *in rem* real property.

14. There were three levels of marijuana growing operations present in the residence, comprising the basement, first floor, and second floor of the home. In the garage, as well, there were growing operations on both the first floor and second floor. The rooms outfitted for marijuana-growing in both the residence and the garage included hydroponic systems and artificial lighting systems designed with timers. All windows were covered up to prevent natural light from entering the grow rooms. There were a total of approximately 90 grow tables between the house and the garage. Present in both the home and garage were multiple stacks of plastic pots, carbon dioxide canisters, hydroponic equipment, lighting, fertilizers, and potting soil. A pungent smell of marijuana permeated the household and the garage.

15. The defendant *in rem* property was used for commercial growing and processing marijuana, not as a residence. Within the residence, there were no

---

[3] For comparison, according to the Energy Information Administration, the average U.S. household consumes about 10,500 kilowatthours of electricity per year (https://www.eia.gov/energyexplained/use-of-energy/electricity-use-in-homes.php), or roughly 875 kilowatthours per month.

bedrooms in apparent use, and the living room/dining room area had been converted into a makeshift bedroom where it appeared that people were living out of suitcases. The garage was completely set up to grow marijuana. All the plants had been recently removed based on the smell that was in the air inside the building.

16. Upon searching the surrounding area of the defendant *in rem* property, law enforcement officials located discarded marijuana plants on an embankment approximately 150-200 feet from the south side of the residence. The marijuana plants appeared to have been cut from plant pots and dumped over the embankment within the previous week. The size of the marijuana plants was consistent with what would have been grown inside the house and garage, and ranged from between two and three feet in height. Law enforcement also found harvested marijuana plants that had been discarded on the northwest corner of the garage, approximately 50 feet into the woods. In total, approximately 1,417 such marijuana plants were identified on the defendant *in rem* property.

17. XIAO LIAO's banking statements from the local bank that issued the mortgage securing the defendant *in rem* property show that periodic cash deposits ranging between approximately $2,000 and $3,000 were made into her account from 2021 through 2023. These cash deposits were then used to make biweekly fixed payments on the mortgage loan, in order to maintain the marijuana-involved premises.

18. During law enforcement's search of the defendant *in rem* property on March 13, 2024, documentation in XIAO LIAO's name also was found showing that she had current homeowners insurance on the property.

19. Additionally, immediately before the power service was transferred into TAT CHONG LIO's name in February 2022, XIAO LIAO was the holder of the accounts in December 2021 and January 2022 when the high power usage indicated illegal marijuana growing activity.

20. Therefore, XIAO LIAO owned an illegal marijuana grow at and within the defendant *in rem* property located at 590 Hanson Road, China. The defendant *in rem* property was knowingly used and maintained for the purpose of illegally manufacturing marijuana. The defendant *in rem* property was knowingly opened, used and maintained for the purpose of manufacturing marijuana by XIAO LIAO, who further managed and controlled the defendant *in rem* property as its owner and knowingly and intentionally made available for use the place for the purpose of unlawfully manufacturing and storing of marijuana.

## BASIS FOR FORFEITURE

21. 21 U.S.C. § 881(a)(7), which provides for the forfeiture of real property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

22. 28 U.S.C. § 2461, which allows for the civil forfeiture of forfeitable property.

## CONCLUSION

23. The United States does not request authority from the Court to seize the defendant *in rem* at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

a. Post notice of this action and a copy of the Complaint on the defendant *in rem* property;

b. Serve notice of this action on the defendant *in rem* property's owner, and any other person or entity who may claim an interest in the defendant *in rem* property, along with a copy of this Complaint;

c. Seek issuance by the Court and execution of a writ of entry for the purpose of conducting an inspection and inventory of the defendant *in rem* property, as permitted by 18 U.S.C. §§ 985(b)(2) and 983(j)(1); and

d. File a *lis pendens* in county records of the defendant *in rem* property's status as a defendant in this *in rem* action, as permitted by 18 U.S.C. § 985(b)(2).

WHEREFORE, the plaintiff respectfully asserts that there is probable cause to believe that the defendant *in rem* property is forfeitable to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 and requests:

a. That the Court decree that the forfeiture of the defendant *in rem* property to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 is confirmed, enforced, and ordered;

b. That the Court thereafter order that the United States Marshal, or his delegate or designee, dispose of the defendant *in rem* property as provided by law; and

c. That the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

Dated at Bangor, Maine this 9th day of May, 2024.

                    Respectfully submitted,

                    DARCIE N. MCELWEE
                    United States Attorney

                    /s/ ANDREW K. LIZOTTE
                    Andrew K. Lizotte
                    Assistant U.S. Attorney
                    United States Attorney's Office
                    202 Harlow Street
                    Bangor, Maine 04401
                    (207) 262-4636
                    Andrew.Lizotte@usdoj.gov

## VERIFICATION

Jonathan Richards, being duly sworn, deposes and says that I am a Task Force Officer with the U.S. Drug Enforcement Administration and as such have responsibility for the within action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and information obtained by me during an investigation of alleged violations of Title 21 of the United States Code.

/s/ Jonathan Richards
Jonathan Richards
Task Force Officer
U.S. Drug Enforcement Administration

STATE OF MAINE
Penobscot, ss.

Subscribed and sworn to before me this 9th day of May 2024.

/s/ Tamara T. Redmond
Notary Public
My commission expires: 09/16/2025

Tamara T. Redmond
Notary Public, State of Maine
My Commission Expires September 16, 2025