**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>590 HANSON ROAD,<br>CHINA, MAINE, with all appurtenances and improvements thereon,<br><br>      Defendant *In Rem*. | No. 1:24-cv-00167-JAW |

**CONSENT MOTION FOR STAY**

Plaintiff, the United States of America, by its attorneys Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, hereby moves with the consent of all claimants to stay further proceedings in this civil forfeiture case pursuant to the provisions of 18 U.S.C. § 981(g)(1) and to extend all deadlines for a period of ninety (90) day through October 17, 2024. In support of this motion, the government represents as follows.

    1.    The U.S. Drug Enforcement Administration ("DEA") is investigating the defendant *in rem* real property located at 590 Hanson Road, in China, Maine, for being a marijuana-involved premises in violation of 21 U.S.C. § 856(a). The owner of record of the defendant *in rem* real property is Xiao Liao. Kennebec Savings Bank is the holder of a mortgage on the defendant *in rem* real property.

    2.    On March 13, 2024, law enforcement officers employed by the Maine State Police executed a state search warrant at the premises of the defendant *in rem*, with support provided by DEA and other federal investigative agencies. Upon entering the

premises on March 13, 2024, federal and state investigators discovered that the property was used for the commercial growing and processing marijuana, not as a residence. Approximately 1,417 marijuana plants were identified by law enforcement on the defendant *in rem* property.

3. On May 9, 2024, the United States filed a Complaint for Forfeiture in Rem against the defendant *in rem* real property. The complaint alleged that the property was used and maintained for the purpose of manufacturing and distributing marijuana. It further alleged that Xiao Liao, the owner of record for the property, managed and controlled the defendant *in rem* real property as an owner and knowingly and intentionally profited from and made available for use the place for the purpose of unlawfully manufacturing, storing, and distributing marijuana.

4. Xiao Liao has filed a claim to the property. Dkt. #10, July 10, 2024.[1] As set forth above, there is an ongoing criminal investigation arising out of the same facts and circumstances that gave rise to this civil forfeiture case. The Government has conferred with the attorneys representing Xiao Liao, as well as Kennebec Savings Bank, and has confirmed that the claimants consent to the granting of this motion to stay. The Government is unaware of any other potential claimant who objects to the granting of this motion to stay.

5. 18 U.S.C. § 981(g) provides in relevant part:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> …

---

[1] The mortgage holder Kennebec Savings Bank has filed a claim, as well. Dkt. #11, July 11, 2024.

>
> (4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

6.      Here, the criminal investigation and the civil forfeiture case arise out of the same facts and circumstances and are clearly related. The criminal investigation is ongoing and the parties, witnesses, facts, and circumstances involved in the two proceedings are the same. Civil discovery will adversely affect the ability of the Government to conduct the criminal investigation, in that civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." *United States v. One Assortment of 73 Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005). This is particularly so where, as here, the evidence in both cases arises out of a single investigation. Relatedly, pending resolution of the criminal investigation, a claimant's Fifth Amendment rights against self-incrimination may prevent the Government from deposing them in the civil forfeiture case, or may result in an adverse inference against them. The stay will likewise promote the interests of justice and judicial economy. *Cf. Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

7.      On July 3, 2024, the Court entered a Writ of Entry authorizing the United States to enter the subject premises. Dkt. # 7. This motion contemplates and requests

that officials of the United States Marshal's Service, and/or their agents and designees, would not be stayed from executing the Writ of Entry for the purpose of conducting an inventory, inspection, and appraisal of the defendant *in rem* real property.

WHEREFORE, for all the above reasons, the Government moves for a stay of the civil forfeiture case (excepting execution of the Writ of Entry) and an extension of all deadlines for a period of ninety (90) days, through October 17, 2024, or until further order of the Court.

Dated at Bangor, Maine this 19th day of July, 2024.

        Respectfully submitted,

        DARCIE N. MCELWEE
        United States Attorney

        /s/ ANDREW K. LIZOTTE
        Andrew K. Lizotte
        Assistant U.S. Attorney
        United States Attorney's Office
        202 Harlow Street
        Bangor, Maine 04401
        (207) 262-4636
        Andrew.Lizotte@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, I caused the foregoing Motion to be electronically filed with Clerk of Court using the CM/ECF system, which sent such notice to any individuals and entities who have entered appearances in this case to date, pursuant to the Court's ECF system.

DARCIE N. MCELWEE
United States Attorney


 /s/ ANDREW K. LIZOTTE
Andrew K. Lizotte
Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401
(207) 262-4636
Andrew.Lizotte@usdoj.gov